**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jeromy Oelker, | Case No. 2:23-cv-01696-APG-DJA |
| Plaintiff, | |
| v. | **Order**<br>**and**<br>**Report and Recommendation** |
| Dr. Steven J. Zuchowski and Lakes Crossing Center, Sparks, NV, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. Because the Court finds that Plaintiff's complaint successfully states some claims, but fails to successfully state others, it recommends dismissing certain of his claims without prejudice and without leave to amend, others without prejudice and with leave to amend, and allowing others to proceed.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

**A.      Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).
When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend
the complaint with directions as to curing its deficiencies, unless it is clear from the face of the
complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
complaint for failure to state a claim upon which relief can be granted.  Review under Rule
12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.
v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.
Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the
line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.
Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by
the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.
§ 1331, federal courts have original jurisdiction over "all civil actions arising under the
Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when
federal law creates the cause of action or where the vindication of a right under state law
necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277
F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

"well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### B.    Plaintiff's allegations.

Plaintiff sues two Defendants: (1) Dr. Steven J. Zuchowski in his personal capacity; and (2) Lakes Crossing Center, Sparks, NV.[1] Plaintiff asserts that the Court has federal question jurisdiction over his claims. Plaintiff alleges claims for medical malpractice, assault, battery, intentional infliction of emotional distress, "terroristic threats," cruel and unusual punishment, conspiracy, and violation of his First, Fourth, Fifth, Eighth, and Fourteenth amendment rights.[2]

Plaintiff alleges that he was transported to Lakes Crossing in connection with a Nevada state criminal case to undergo a competency evaluation.[3] Plaintiff alleges that Dr. Zuchowski interviewed him and that, during the interview, Plaintiff invoked his Fifth Amendment right to remain silent. Dr. Zuchowski asserted that if Plaintiff did not cooperate, Dr. Zuchowski would detain him indefinitely. Dr. Zuchowski also denied Plaintiff's requests to be recorded. Plaintiff then told Dr. Zuchowski that he was a victim and that the courts were depriving him of his rights. Plaintiff alleges that Dr. Zuchowski "did not seem interested" and then placed Plaintiff in solitary

---

[1] Lake's Crossing Center is a psychiatric facility providing comprehensive forensic mental health services. It is run by the Nevada Department of Health and Human Services Division of Public and Behavioral Health. *See Lakes Crossing Center for Mentally Disordered Offenders Overview*, NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES NEVADA DIVISION OF PUBLIC AND BEHAVIORAL HEALTH, https://dpbh.nv.gov/About/Overview/Lake_s_Crossing_Center_Overview/ (last visited December 14, 2023).

[2] "Terroristic threats" is not a recognized cause of action. The Court thus does not address this cause of action.

[3] Plaintiff attaches the reports outlining the result of this evaluation to his complaint.

confinement for five days.  Plaintiff asserts that this was a violation of his First Amendment rights because, after Plaintiff told Dr. Zuchowski "the truth about the rights deprivations and that [he] was suffering a 'Shock of Conscience' Dr. Zuchowski used the threat of injections and drugs to 'Chill' [his] right to speak truthfully."  Plaintiff adds that Dr. Zuchowski was deliberately indifferent, apparently to Plaintiff's explanations that his rights were being violated.

The next day, a nurse and "'Forensic' Abraham" entered Plaintiff's cell.  The nurse told Plaintiff they were going to extract his DNA, but Plaintiff declined.  "Forensic" Abraham then put his knee on Plaintiff's neck, causing Plaintiff to go semi-unconscious.  Plaintiff was then placed into a "straight-jacket chair" and injected with a tranquilizer.  Plaintiff brings assault and battery claims related to this conduct.  Dr. Zuchowski then entered Plaintiff's cell a few minutes later and stated he would continue to inject Plaintiff if Plaintiff refused to take his medication.  Plaintiff asserts that he was left in the straight-jacket chair and woke up in his own urine.  Plaintiff states that he "made many requests" to have his neck x-rayed but "was denied due process."  Plaintiff alleges that Dr. Zuchowski was in a conspiracy with Judge Christy Craig, Dr. Slagle, and Dr. Lenkeit (which individuals he does not otherwise list as Defendants).  Plaintiff asserts that the conspiracy was to deprive him of his rights, apparently by confining him at the Lakes Crossing Center.

1.    Medical malpractice.

The Court recommends dismissing Plaintiff's medical malpractice claim without leave to amend.  Medical malpractice is a state law claim.  Nevada law requires a plaintiff to file an affidavit of a medical expert supporting the allegations of the complaint in an action for medical and dental malpractice.  Nev. Rev. Stat. 41A.071.  Plaintiff has not attached or filed an affidavit of a medical expert.  The Nevada Supreme Court has held that a complaint filed without the supporting affidavit is void and has no force and effect.  *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 148 P.3d 790, 794 (2006).  Such a complaint "does not legally exist and thus it cannot be amended."  *Id.*  Accordingly,  Nevada law compels that this claim be dismissed without

1  leave to amend, although it should also be dismissed without prejudice.[4]  *Pacheco v. Soon Kim*,

2  3:14-cv-00124-MMD, 2014 WL 5460869, at *3 (D. Nev. Oct. 27, 2014).

3              2.    Assault and battery.

4          The Cout recommends allowing Plaintiff's assault and battery claims to proceed against

5  Lakes Crossing.  "To establish an assault claim, a plaintiff must show that the actor (1) intended

6  to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such

7  contact.  To establish a battery claim, a plaintiff must show that the actor (1) intended to cause

8  harmful or offensive contact, and (2) such contact did occur."  *Burns v. Mayer*, 175 F. Supp. 2d

9  1259, 1269 (D. Nev. 2001) (internal citations omitted); *Greer-Wells v. Malone*, No. 2:20-cv-

10  00872-GMN-NJK, 2021 WL 1582770, at *5 (D. Nev. Apr. 21, 2021).  If an employee is under

11  the control of their employer and acts within the scope of their employment, an employer may be

12  liable for the employee's intentional acts.  *Molino v. Asher*, 96 Nev. 814, 817, 618 P.2d 878, 879

13  (1980); *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1225, 925 P.2d 1175, 1180

14  (1996).

15          Plaintiff has alleged a sufficient claim for assault and battery against Lakes Crossing

16  Center for the actions of its nurse and "Forensic" Abraham.  To support his assault claim,

17  Plaintiff alleges that the nurse intended to take his DNA and that he was placed in apprehension

18  of that contact.  To support his battery claim, Plaintiff alleges that "Forensic" Abraham put his

19  knee on Plaintiff's neck.  Because the nurse and "Forensic" Abraham work for Lakes Crossing,

20  and it appears that they took their actions within the scope of their employment, the Court finds

21

22  ─────────────────
[4] Essentially, this means that Plaintiff may bring another action alleging medical malpractice, but

23  he may not amend his complaint in this action to allege medical malpractice.  *See Pacheco*, 2014
WL 5460869, at *1 (explaining that the magistrate judge's recommendation of dismissal of a

24  plaintiff's medical malpractice claim without prejudice meant that "Plaintiff may file a new action
for medical malpractice once he has obtained a medical expert's opinion to support his claim and

25  attach an affidavit by that expert with his complaint."); *see* E.H. Schopflocher, Annotation,
*Provision that judgment is "without prejudice" or "with prejudice" as affecting its operation as*

26  *res judicata*, 149 A.L.R. 553, Art. II (1944) ("it has been stated, as a general proposition, that the
phrase 'without prejudice' ordinarily imports the contemplation of further proceedings, and that

27  when it appears in an order or decree it shows that the judicial act is not intended to be res
judicata on the merits of the controversy.") (compiling cases).

28

that Plaintiff has alleged a sufficient claim against Lakes Crossing for the actions of its employees.

3.     Intentional infliction of emotional distress.

The Court recommends allowing Plaintiff's intentional infliction of emotional distress claim to proceed against Dr. Zuchowski and Lakes Crossing.  Intentional infliction of emotional distress is a state law claim.  "To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation.'"  *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1142 (D. Nev. 2014) (quoting *Welder v. Univ. of S. Nevada*, 833 F.Supp.2d 1240, 1245 (D. Nev.2011)); *Amie v. Kraft-Sussman Funeral Serv., Inc.*, No. 2:18-cv-02131-GMN-VCF, 2018 WL 6272889, at *2 (D. Nev. Nov. 30, 2018).

Plaintiff alleges that Dr. Zuchowski threatened to detain Plaintiff indefinitely and to inject Plaintiff if Plaintiff did not take pills.  Plaintiff also alleges that a Lakes Crossing nurse and "Forensic" Abraham forced Plaintiff into a restraint chair and injected him with tranquilizer.  The Court finds this sufficient for the purposes of screening to state a claim for intentional infliction of emotional distress against Dr. Zuchowski and Lakes Crossing.

4.     Unreasonable search and seizure.

The Court liberally construes Plaintiff's complaint as alleging an unreasonable search and seizure claim because he invokes the Fourth Amendment and describes a scenario in which Lakes Crossing employees potentially extracted his DNA without his consent.  However, the Court recommends dismissing this claim without prejudice and with leave to amend.  The Fourth Amendment, which applies to states through the Fourteenth Amendment, prohibits unreasonable searches and seizures.  *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).  "The Supreme Court has held that invasions of the body are searches and, thus, are entitled to the protections of the Fourth Amendment."  *Friedman v. Boucher*, 580 F.3d 847, 852 (9th Cir. 2009) (citing *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 616-17 (1989)).  Here, Plaintiff does not allege whether the Lakes Crossing nurse and "Forensic" Abraham actually extracted his DNA and how.  Without

1  this allegation, the Court cannot find that Plaintiff has alleged a claim for unreasonable search and

2  seizure in violation of the Fourth Amendment.

3       5.  <u>Cruel and unusual punishment.</u>

4     The Court construes Plaintiff's cruel and unusual punishment claim as one for excessive

5  force and recommends dismissing this claim without prejudice and with leave to amend.

6  Plaintiff's claim alleges a violation of his constitutional rights by state actors.  As a result, his

7  claim arises under 42 U.S.C. § 1983.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)

8  (outlining the elements of a § 1983 claim).  Because Plaintiff was a pretrial detainee at the time of

9  his allegations, Plaintiff's claims are grounded in the Fourteenth Amendment, rather than the

10  Eighth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (explaining that under the

11  Due Process Clause, a pre-trial detainee may not be punished prior to conviction); *see Gordon v.*

12  *County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018); *Gallegos v. Allen*, No. 3:18-cv-00505-

13  MMD-WGC, 2019 WL 13335645, at *3 (D. Nev. Oct. 29, 2019).  In *Kingsley v. Hendrickson*, the

14  Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth

15  Amendment if: (1) the defendant purposely or knowingly used force, and (2) such force was

16  objectively unreasonable.  *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Gallegos*, 2019

17  WL 13335645, at *3.  However, local government units—like Lakes Crossing as part of the

18  Nevada Department of Health and Human Services—may not be held liable under 42 U.S.C.

19  § 1983 solely because they employ someone who violates a person's constitutional rights.[5]  *See*

20  *Bates v. Las Vegas Metropolitan Police Department*, No. 2:22-cv-00957-CDS-EJY, 2022 WL

21  4367000, at *2 (D. Nev. Sept. 21, 2022).  Instead, Plaintiff must allege that the constitutional

22  deprivation was the product of a policy or custom of the local government unit.  *See id.*

23     Plaintiff has not alleged a successful claim for excessive force against either Dr.

24  Zuchowski or Lakes Crossing.  Plaintiff has not alleged that Dr. Zuchowski used force against

25  him.  While Plaintiff asserts that Dr. Zuchowski threatened him, Plaintiff only alleges that a nurse

_____

27  [5] This doctrine—when an employer is held liable for the actions of its employees—is referred to

as *respondeat superior*.  *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir.

28  2021).

and "Forensic" Abraham actually touched him.  To the extent Plaintiff alleges an excessive force claim against Dr. Zuchowski, that claim fails.  To the extent Plaintiff alleges an excessive force claim against the Lakes Crossing, that claim also fails because Lakes Crossing cannot be liable under 42 U.S.C. § 1983 simply because it employs the nurse or "Forensic" Abraham.  And Plaintiff has not alleged that Lakes Crossing has a policy or custom of restraining patients by kneeling on them, forcibly injecting patients with tranquilizers, or placing patients in restraint chairs.

6.     Conspiracy.

The Court recommends dismissing Plaintiff's conspiracy claim without prejudice and with leave to amend.  "To state a claim for a conspiracy to violate one's constitutional rights under [42 U.S.C. § 1983], the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).  The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010); *Smith v. Hutchings*, No. 2:22-cv-00759-GMN-BNW, 2022 WL 18394718, at *5 (D. Nev. July 28, 2022).  Here, Plaintiff has not alleged sufficient facts to support his claim for conspiracy.  Plaintiff does not allege specific facts to support the existence of the claimed conspiracy or how each participant shared in its common objective.

7.     Retaliation in violation of the First Amendment.

The Court recommends dismissing Plaintiff's First Amendment retaliation claim without prejudice and with leave to amend.  To state a viable claim for First Amendment retaliation in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004).  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.  *Id.* at 568-69;

1   *Choate v. Weidick*, No. 2:18-cv-01958-JAD-DJA, 2020 WL 495551, at *2 (D. Nev. Jan. 27,

2   2020).

3          Plaintiff does not allege a sufficient claim of First Amendment retaliation.  He asserts that

4   Dr. Zuchowski used the threat of injections and drugs to chill his right to "speak truthfully."

5   Plaintiff appears to be referring to when he told Dr. Zuchowski that he "was a victim of a

6   'Miscarriage of Justice'…[and] elaborated on the deprivation of right [he] was experiencing by

7   Henderson Justice Court, and all 'Officers of the Court.'"[6]  However, Plaintiff does not allege

8   that Dr. Zuchowski threatened Plaintiff with injections and drugs because of his statements about

9   the deprivation of rights he was experiencing.  To the contrary, Plaintiff asserts that Dr.

10  Zuchowski did not seem interested in Plaintiff's statements.  The Court thus recommends

11  dismissing Plaintiff's First Amendment retaliation claim.

12              8.    Deliberate indifference.

13         The Court recommends dismissing Plaintiff's deliberate indifference claim without

14  prejudice and with leave to amend.  Because Plaintiff's allegations are based on events after his

15  arrest, they arise under the Fourteenth Amendment's Due Process Clause.  *See Castro v. County*

16  *of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).  The elements of a claim for deliberate

17  indifference against a defendant based on a pretrial detainee's rights under

18  the Fourteenth Amendment are:

19              (1) The defendant made an intentional decision with respect to the
                    conditions under which the plaintiff was confined;
20              (2) Those conditions put the plaintiff at substantial risk of suffering
21                  serious harm;
                (3) The defendant did not take reasonable available measures to abate
22                  that risk, even though a reasonable officer in the circumstances
                    would have appreciated the high degree of risk involved—making
23                  the consequences of the defendant's conduct obvious; and

24

25  _____

    [6] Plaintiff could also be referring to Dr. Zuchowski's threat to "continue to inject [Plaintiff] if
26  [Plaintiff] refused his treatment, or [to] take his medication by pill."  (ECF No. 1-1 at 2).
    However, his complaint does not make this clear.  Plaintiff does not reference this threat when
27  bringing this First Amendment claim.  Instead, he states "[w]hen I told Dr. Zuchowski the truth
    about the rights deprivations and that I was suffering a 'Shock of Conscience' Dr. Zuchowski
28  used the threat of injections and drugs to 'Chill' my right to speak truthfully."  (*Id.* at 4).

1

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

2

*Castro*, 833 F.3d at 1071.

3

4        Plaintiff asserts that Dr. Zuchowski was deliberately indifferent to Plaintiff's statements

5    that he was suffering a "Shock of Conscience."  Plaintiff appears to be referring to when he told

6    Dr. Zuchowski about the deprivation of rights he was experiencing.  However, Plaintiff does not

7    provide sufficient facts describing the conditions he was facing, how those conditions put him at

8    substantial risk of suffering serious harm, why Dr. Zuchowski needed to take reasonable

9    measures to abate the risks, why a reasonable officer in Dr. Zuchowski's circumstance would

10   have appreciated the risk, and how, by not taking such measures, Dr. Zuchowski caused

11   Plaintiff's injuries.  Plaintiff also appears to assert that Lakes Crossing was deliberately

12   indifferent because it did not respond to his requests for a neck x-ray.  But again, Plaintiff does

13   not provide sufficient facts describing his requests, explaining how and when Lakes Crossing

14   denied them, or explain why Lakes Crossing was unreasonable in denying his requests.

15               9.      Fifth Amendment privilege against self-incrimination.

16        The Court recommends dismissing Plaintiff's Fifth Amendment claim without prejudice

17   and with leave to amend.  The Fifth Amendment guarantees that "[n]o person ... shall be

18   compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  To

19   establish a Fifth Amendment claim, a plaintiff must prove (1) "that the testimony desired by the

20   government carried the risk of incrimination" and (2) "that the penalty he suffered amounted to

21   compulsion."  *US v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005).  As to the first prong, the

22   Fifth Amendment privilege can only be properly invoked "in the face of 'a real and appreciable

23   danger of self-incrimination'"; the privilege does not apply "'[i]f the threat is remote, unlikely, or

24   speculative.'"  *Id.* (quoting *McCoy v. Comm'r*, 696 F.2d 1234, 1236 (9th Cir.1983)); *Farmer v.

25   Dir. of AZ. Adult Prob. Dep't*, No. CV09-2543-PHX-RCB, 2010 WL 148221, at *3 (D. Ariz. Jan.

26   8, 2010).

27        Plaintiff does not alleges sufficient facts to establish a Fifth Amendment claim.  Plaintiff

28   alleges that during his interview with Dr. Zuchowski, he invoked his Fifth Amendment right to

1  remain silent.  But Plaintiff does not explain whether his interview with Dr. Zuchowski was

2  intended to evoke testimony or that the testimony sought carried the risk of incrimination.

3  Instead, Plaintiff asserts a speculative danger of incriminating himself.

4

5  **ORDER**

6      **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

7  *pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.

8  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of

9  any additional fees or costs or the giving of a security therefor.  This order granting leave to

10 proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at

11 government expense.

12

13 **RECOMMENDATION**

14      **IT IS RECOMMENDED** that Plaintiff's medical malpractice claim be dismissed without

15 leave to amend but without prejudice.

16      **IT IS FURTHER RECOMMENDED** that the following claims proceed: (1) assault

17 against Lakes Crossing; (2) battery against Lakes Crossing; and (3) intentional infliction of

18 emotional distress against Dr. Zuchowski and Lakes Crossing.

19      **IT IS FURTHER RECOMMENDED** that the following claims be dismissed without

20 prejudice and with leave to amend: (1) unreasonable search and seizure in violation of the Fourth

21 Amendment against Lakes Crossing; (2) excessive force in violation of the Fourteenth

22 Amendment against Lakes Crossing; (3) conspiracy against Dr. Zuchowski; (4) retaliation in

23 violation of the First Amendment against Dr. Zuchowski; (5) deliberate indifference in violation

24 of the Fourteenth Amendment against Dr. Zuchowski and Lakes Crossing; and (6) violation of

25 Plaintiff's Fifth Amendment privilege against Dr. Zuchowski.

26

27

28

1

<u>**NOTICE**</u>

2          Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

3   in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

4   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

5   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

6   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

7   (1) failure to file objections within the specified time and (2) failure to properly address and brief

8   the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

9   issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

10  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

11

12          DATED: December 18, 2023

13                                                    _____
14                                                    DANIEL J. ALBREGTS
                                                      UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28