1

2

3                    **UNITED STATES DISTRICT COURT**

4                         **DISTRICT OF NEVADA**

5                                   * * *

6    Jeromy Oelker,                          Case No. 2:23-cv-01696-APG-DJA

7                    Plaintiff,
                                                          **Order**
8           v.

9    State of Nevada; Lake Crossing Center;
     Director Drew Cross; and Dr. Steven J.
10   Zuchowski,

11                   Defendants.

12          Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se in forma pauperis*.

13   Plaintiff has filed an amended complaint. (ECF No. 17).  Plaintiff has also filed a motion for

14   "summons/incidental relief hearing." (ECF No. 19).  The Court screens Plaintiff's amended

15   complaint and dismisses it without prejudice.  The Court denies Plaintiff's motion because it is

16   rambling and does not seek actionable relief.  And to the extent his motion requests that the Court

17   issue summonses, that issue is moot because the Court has dismissed Plaintiff's complaint.

18   **I.     Screening the complaint.**

19          ***A.     Legal standard.***

20          Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

21   complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is

22   legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

23   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

24   When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

25   the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

26   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

27   F.3d 1103, 1106 (9th Cir. 1995).

28

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

2    complaint for failure to state a claim upon which relief can be granted.  Review under Rule

3    12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

4    719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

5    the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

6    *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

7    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

8    elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

9    *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

10   contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

11   556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

12   allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the

13   line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

14   Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

15   drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

16   construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

17        Federal courts are courts of limited jurisdiction and possess only that power authorized by

18   the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.

19   § 1331, federal courts have original jurisdiction over "all civil actions arising under the

20   Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when

21   federal law creates the cause of action or where the vindication of a right under state law

22   necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277

23   F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

24   "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

25   federal question is presented on the face of the plaintiff's properly pleaded complaint."

26   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

27   district courts have original jurisdiction over civil actions in diversity cases "where the matter in

28   controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

1    different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

2    diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

3    of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4              **B.      *Plaintiff's allegations.***

5              Plaintiff sues four defendants: (1) the State of Nevada; (2) Lakes Crossing Center[1];

6    (3) Director—presumably of the Lakes Crossing Center—Drew Cross; and (4) Dr. Steven J.

7    Zuchowski.  Plaintiff alleges that he was transported to Lakes Crossing on July 28, 2022,

8    presumably in connection with his state-criminal-case competency evaluation.[2]  Plaintiff alleges

9    that Dr. Zuchowski interviewed him and that, during the interview, Plaintiff invoked his Fifth

10   Amendment right to remain silent.  Dr. Zuchowski asserted that if Plaintiff did not cooperate, Dr.

11   Zuchowski would detain him indefinitely.  Dr. Zuchowski also denied Plaintiff's requests to be

12   recorded.  Plaintiff alleges that Dr. Zuchowski placed Plaintiff in solitary confinement for five

13   days and used the threat of injections and drugs to chill Plaintiff's rights to speak.

14             The next day, a nurse and "Forensic" Abraham came to Plaintiff's cell to extract his DNA,

15   which extraction Plaintiff declined.  Forensic Abraham then put his knee on Plaintiff's neck,

16   causing Plaintiff to go semi-unconscious.  Plaintiff was then placed into a "straight-jacket chair"

17   and injected with a tranquilizer.  Dr. Zuchowski then entered Plaintiff's cell a few minutes later

18   and stated he would continue to inject Plaintiff if Plaintiff refused to take his medication.

19   Plaintiff asserts that he was left in the straight-jacket chair and woke up in his own urine.

20   Plaintiff states that he "made many requests" to have his neck x-rayed but "was denied due

21   process."  Later in his complaint, Plaintiff claims that his blood was "stolen," apparently referring

22   to the DNA extraction.  Plaintiff alleges that Dr. Zuchowski was in a conspiracy with Cross,

23

24   [1] Lake's Crossing Center is a psychiatric facility providing comprehensive forensic mental health
     services.  It is run by the Nevada Department of Health and Human Services Division of Public
25   and Behavioral Health.  *See Lakes Crossing Center for Mentally Disordered Offenders Overview*,
     NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES NEVADA DIVISION OF PUBLIC AND
26   BEHAVIORAL HEALTH, https://dpbh.nv.gov/About/Overview/Lake_s_Crossing_Center_Overview/
     (last visited December 14, 2023).
27
     [2] Plaintiff attaches a hearing transcript in which the prosecution references seeking a competency
28   evaluation.

1  Judge Christy Craig, Dr. Slagle, and Dr. Lenkeit (which individuals he does not otherwise list as

2  Defendants).  Plaintiff asserts that the conspiracy was to deprive him of his rights, apparently by

3  confining him at the Lakes Crossing Center.[3]

4          ***C.       Plaintiff's claims.***

5       In his amended complaint, Plaintiff alleges claims for medical malpractice, assault,

6  battery, intentional infliction of emotional distress, "terroristic threats," cruel and unusual

7  punishment, conspiracy, and violation of his First, Fourth, Fifth, Eighth, and Fourteenth

8  amendment rights.[4]  The Court previously dismissed Plaintiff's claims for medical malpractice

9  without leave to amend.  (ECF Nos. 10, 16).  So, to the extent Plaintiff raises this claim again, the

10  Court does not address it.  The Court also dismissed his claims for unreasonable search and

11  seizure, cruel and unusual punishment, conspiracy, retaliation in violation of the First

12  Amendment, deliberate indifference, and violation of Plaintiff's Fifth Amendment rights with

13  leave to amend.  (ECF Nos. 10, 16).  The Court allowed Plaintiff's assault and battery claims to

14  proceed against Lakes Crossing and allowed Plaintiff's intentional infliction of emotional distress

15  claim to proceed against Dr. Zuchowski.  (ECF Nos. 10, 16).

16       Screening Plaintiff's amended complaint, the Court finds that Plaintiff has sufficiently

17  alleged state-law claims for assault and battery against Lakes Crossing and intentional infliction

18  of emotional distress against Dr. Zuchowski.  However, Plaintiff has still not corrected the

19  deficiencies for which the Court previously dismissed his federal claims for unreasonable search

20  and seizure, cruel and unusual punishment, conspiracy, retaliation in violation of the First

21  Amendment, deliberate indifference, and violation of his Fifth Amendment rights.  So, the Court

22  dismisses the federal claims.  Additionally, Plaintiff alleges no facts against the newly-added

23

24  _____

25  [3] Plaintiff also includes numerous vague allegations regarding alleged deprivations of due process
   by Judge Gibson, the Henderson Justice Court, and Judge Christy Craig.  But Plaintiff does not

26  list these parties as defendants and his claims are otherwise conclusory and lack sufficient factual
   detail for the Court to even liberally construe them.  So, the Court does not address them here.

27  [4] "Terroristic threats" is not a recognized cause of action.  The Court thus does not address this

28  cause of action.

1   Defendants the State of Nevada and Cross, so the Court dismisses any claims Plaintiff brings

2   against them as well.

3          Because the Court dismisses Plaintiff's federal claims and because the remaining

4   defendants—Lakes Crossing[5] and Dr. Zuchowski—appear to be Nevada residents, the Court

5   lacks either federal question or diversity jurisdiction over Plaintiff's surviving state-law claims.

6   As a result, even though Plaintiff has adequately alleged claims for assault, battery, and

7   intentional infliction of emotional distress, the Court dismisses Plaintiff's entire complaint

8   without prejudice and with leave to amend because the Court lacks the jurisdiction to decide

9   Plaintiff's remaining claims.  The Court will give Plaintiff one more opportunity to amend his

10  complaint.

11                 1.     Assault and battery.

12         Plaintiff has sufficiently alleged state-law assault and battery claims against Lakes

13  Crossing for the same reasons articulated in the Court's report and recommendation.  (ECF No.

14  10).  However, because the Court dismisses Plaintiff's federal claims, it lacks jurisdiction to

15  decide his state law claims and thus dismisses them.

16                 2.     Intentional infliction of emotional distress.

17         Plaintiff has sufficiently alleged a state-law intentional infliction of emotional distress

18  claim against Dr. Zuchowski and Lakes Crossing for the same reasons articulated in the Court's

19  report and recommendation.  (ECF No. 10).  However, because the Court dismisses Plaintiff's

20  federal claims, it lacks jurisdiction to decide his state law claims and thus dismisses them.

21

22

23

24  [5] The Court notes that the doctrine of sovereign immunity may also apply to bar Plaintiff's state-
    law claims against Lakes Crossing brought in federal court.  This is because Lakes Crossing is a
25  part of the Nevada Department of Health and Human Services.  And while Nevada has generally
    waived sovereign immunity for state tort actions in *state court*, it has not necessarily waived its
26  immunity from suit for state tort actions brought in *federal court*.  *See* Nev. Rev. Stat. 41.031; *see*
    *Smith v. Department of Motor Vehicle Office*, No. 2:23-cv-01559-JCM-BNW, 2024 WL
27  3498233, at *3 (D. Nev. July 19, 2024).  However, because at this stage it is unclear if Plaintiff's
    claims will proceed in federal court at all, the Court does not address sovereign immunity further.
28

1           3.     Unreasonable search and seizure.

2          The Court dismisses Plaintiff's unreasonable search and seizure claim because, although

3 Plaintiff now adds the allegation that Lakes Crossing employees extracted his blood, he does not

4 allege that Lakes Crossing had an unconstitutional custom or policy.  The Fourth Amendment,

5 which applies to states through the Fourteenth Amendment, prohibits unreasonable searches and

6 seizures.  *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).  "The Supreme Court has held that invasions

7 of the body are searches and, thus, are entitled to the protections of the Fourth Amendment."

8 *Friedman v. Boucher*, 580 F.3d 847, 852 (9th Cir. 2009) (citing *Skinner v. Ry. Labor Executives'*

9 *Ass'n*, 489 U.S. 602, 616-17 (1989)).  However, local government units—like Lakes Crossing as

10 part of the Nevada Department of Health and Human Services—may not be held liable under 42

11 U.S.C. § 1983 solely because they employ someone who violates a person's constitutional rights.[6]

12 *See Bates v. Las Vegas Metropolitan Police Department*, No. 2:22-cv-00957-CDS-EJY, 2022 WL

13 4367000, at *2 (D. Nev. Sept. 21, 2022).  Instead, Plaintiff must allege that the constitutional

14 deprivation was the product of a policy or custom of the local government unit.  *See id.*

15          Here, although Plaintiff adds the detail that Lakes Crossing employees extracted his

16 blood, he does not name those employees as defendants.[7]  Instead, he appears to bring this claim

17 against Lakes Crossing under the theory that Lakes Crossing is liable because it employed the

18 employees.  But this is not a viable method to bring a 42 U.S.C. § 1983 claim and the Court

19 dismisses it without prejudice.

20

21

22

23

24    [6] This doctrine—when an employer is held liable for the actions of its employees—is referred to

25 as *respondeat superior*.  *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

26    [7] Plaintiff does list Dr. Zuchowski as a defendant, but does not allege that Dr. Zuchowski was the

27 one to extract his blood.  Plaintiff simply alleges, "I had my [b]lood stolen from me when Lakes Crossing Center extracted my [b]lood on two occasions with a syringe when I was subdued in a

28 STRAIGHT JACKET CHAIR."  (ECF No. 17 at 10).

     4.    <u>Cruel and unusual punishment.</u>

Plaintiff has not addressed the deficiencies that the Court previously identified in its report and recommendation.  So, the Court dismisses Plaintiff's cruel and unusual punishment claim for the same reasons articulated in its report and recommendation.  (ECF No. 10).

     5.    <u>Conspiracy.</u>

Plaintiff has not addressed the deficiencies that the Court previously identified in its report and recommendation.  So, the Court dismisses Plaintiff's conspiracy claim for the same reasons articulated in its report and recommendation.  (ECF No. 10).

     6.    <u>Retaliation in violation of the First Amendment.</u>

Plaintiff has not addressed the deficiencies that the Court previously identified in its report and recommendation.  So, the Court dismisses Plaintiff's First Amendment retaliation claim for the same reasons articulated in its report and recommendation.  (ECF No. 10).

     7.    <u>Deliberate indifference.</u>

Plaintiff has not addressed the deficiencies that the Court previously identified in its report and recommendation.  So, the Court dismisses Plaintiff's deliberate indifference claim for the same reasons articulated in its report and recommendation.  (ECF No. 10)

     8.    <u>Fifth Amendment privilege against self-incrimination.</u>

Plaintiff has not addressed the deficiencies that the Court previously identified in its report and recommendation.  So, the Court dismisses Plaintiff's Fifth Amendment claim for the same reasons articulated in its report and recommendation.  (ECF No. 10)

     9.    <u>Claims against the State of Nevada and Cross.</u>

Plaintiff adds the State of Nevada and Cross as defendants, but does not allege any specific claims against them.  Plaintiff does not describe what either the State or Cross did, when, or how those actions harmed him.  To the extent Plaintiff attempts to hold the State liable for certain judges' deprivations of Plaintiff's due process rights in his underlying criminal proceeding, Plaintiff's allegations about that proceeding are entirely conclusory and do not state a claim upon which relief can be granted, let alone explain why or how the State is liable.  To the extent that Plaintiff names the State to hold it liable for the actions of Lakes Crossing, the State

would be a redundant defendant.  Similarly, the only allegation that Plaintiff asserts against Cross is that Cross was somehow involved in a conspiracy that Plaintiff does not describe.  The Court thus dismisses Plaintiff's claims against these defendants without prejudice.

**II.      Plaintiff's motion for "summons/incidental relief hearing."**

Plaintiff's motion is largely rambling and does not seek any actionable relief.  (ECF No. 19).  And to the extent that Plaintiff moves the Court to issue summonses, that issue is moot because the Court has dismissed Plaintiff's amended complaint.  The Court thus denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 17) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **October 9, 2024**, to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order may result in the recommended dismissal of this case.   This will be Plaintiff's last opportunity to amend his complaint.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for "summons/incidental relief hearing" (ECF No. 19) is **denied.**

DATED: September 9, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE